IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REX HARRISON, ) | CV. NO. 11-00106 DAE-BMK |
| ) | CR. NO. 07-00384 DAE |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

ORDER: (1) DENYING PETITIONER'S MOTION TO RECONSIDER GRANTING OF GOVERNMENT'S MOTION TO UNSEAL A SEALED DOCUMENT; (2) GRANTING THE GOVERNMENT'S MOTION FOR ORDER FINDING LIMITED WAIVER OF ATTORNEY/CLIENT PRIVILEGE; AND (3) SETTING AN AMENDED BRIEFING SCHEDULE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and memoranda, the Court: (1) **DENIES** Petitioner's Motion to Reconsider Granting of Government's Motion to Unseal a Sealed Document (Doc. # 198); (2) **GRANTS** the Government's Motion for Order Finding Limited Waiver of Attorney/Client Privilege (Doc. # 196); and (3) **SETS** an Amended Briefing Schedule for the Motion to Vacate under 28 U.S.C. 2255 (Doc. # 188).

BACKGROUND

On September 10, 2008, Petitioner Rex Harrison ("Petitioner") was sentenced to twenty-four months imprisonment and three years supervised release for Assault of a Military Police Officer and Simple Assault of a Military Police Officer in violation of 18 U.S.C. § 111.  (Doc. # 140.)  On December 14, 2009, Petitioner was re-sentenced to time served and to three years of supervised release.  (Doc. # 179.)  Petitioner's supervised release is not set to expire until December 2012.  (See id.)

On February 17, 2011, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 ("Habeas Motion").  ("Habeas Mot.," Doc. # 188.)  In his Habeas Motion, Petitioner asserts two claims with respect to his trial counsel.  Petitioner first claims that "[a]n actual conflict of interest existed between my trial attorneys and me, resulting in a denial of my 6th Amendment Right to Conflict-Free Counsel."  (Id. at 5.)  Petitioner also claims that his trial counsel "rendered ineffective assistance in violation of my 6th Amendment Right to the Effective Assistance of Counsel."[1]  (Id. at 6.)  Attached to Petitioner's Habeas Motion were a series of redacted transcripts of a colloquy between this Court and Petitioner's

---

[1] Petitioner also claims, irrelevant to the instant motion, his due process rights were violated because the prosecutor knowingly using false evidence and testimony and also due to "cumulative errors."  (Habeas Mot. at 8–9.)

counsel at the underlying trial which had earlier been sealed per this Court's instruction. (Id., exs. E–I.)

On March 3, 2011, the Government filed a Motion to Unseal a Sealed Transcript. (Doc. # 193.) On March 7, 2011, the Court granted the Government's Motion to Unseal a Sealed Transcript ("Unsealing Order"). ("Unsealing Order," Doc. # 194.) On March 17, 2011, the Government filed a Motion for Order Finding Limited Waiver of Attorney-Client Privilege ("Waiver Motion"). ("Waiver Mot.," Doc. # 196.) On March 24, 2011, Petitioner filed a Motion to Reconsider Granting of Government's Motion to Unseal a Document ("Reconsideration Motion"). ("Recon. Mot.," Doc. # 198.) The same day Petitioner also filed a Motion for Appointment of Counsel to Represent Petitioner ("Appointment Motion"). (Doc. # 197.)

On March 28, 2011, the Court issued an order denying the Appointment Motion and setting a briefing schedule for the Reconsideration Motion and the Waiver Motion. (Doc. # 199.) On April 14, 2011, the Government filed its Opposition to the Reconsideration Motion. ("Recon. Opp'n," Doc. # 200.) On April 25, 2011, Petitioner filed a Response to the Reconsideration Opposition. ("Recon. Resp." Doc. # 201.) The same day Petitioner also filed his Opposition to the Waiver Motion. ("Waiver Opp'n," Doc. # 202.) On April 26, 2011, the

3

Government filed its Response to the Waiver Opposition.  ("Waiver Resp.," Doc. # 203.)

## STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order.  Reconsideration is permitted only on the following grounds:

> (a) discovery of new material facts previously not available;
> (b) intervening change in law;
> (c) manifest error of law or fact.

See Local Rule 60.1; see also Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996); Na Mamo O `Aha `Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw.

1999). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

## DISCUSSION

I.  Reconsideration Motion

In the Unsealing Order, the Court stated:

> Given the fact that [Petitioner] alleges that a portion of the transcript supports his habeas motion, and because the government does not have access to the remainder of the transcript, the Court will unseal the transcript . . . . However, that transcript shall be unsealed only as to the government and solely for the purposes of opposing [Petitioner's] instant habeas motion.

(Unsealing Order at 2.) In the Reconsideration Motion, Petitioner takes issue with the Court's decision. Specifically, Petitioner states that "[t]he petitioner has a right to attorney-client privilege and the right to confidentiality. . . . In the interest of protecting the petitioner's rights; the solution is hardly to give access again to the

Government to records, in which the petitioner's rights to attorney client privilege were violated." (Recon. Mot. at 2.) The Court disagrees.

Petitioner, of course, has a right to attorney-client privilege and the right to confidentiality. However, "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003). The rational underlying this rule is sound, a party may not use the privilege "as both a shield and a sword." Id. at 718; see also Chevron Corp. v. Penzoil Co., 974 F.2d 1156, 1164 (9th Cir. 1992) (same). Indeed, "[s]ubstantial authority holds the attorney-client privilege to be impliedly waived where the client asserts a claim or defense that places at issue the nature of the privileged material." Bittaker, 331 F.3d at 716 (citations and quotations omitted). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." Id.

The waiver is not, however, absolute. Importantly, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. at 720. "Second, the holder of the privilege may preserve the

confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721 (citing Lyons v. Johnson, 415 F.2d 540, 541–42 (9th Cir. 1969)).  Finally, a party is "entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future . . . ." Id. (citing Transamerica Computer Co. v. IBM Corp., 573 F.2d 646, 652 (9th Cir. 1978)).

With these principles in mind, it is clear that the Court correctly decided the Unsealing Order.  Exhibits E through L are decontextualized excerpts of a transcript of a colloquy between this Court and Petitioner's trial attorney. Without a greater understanding of the context in which these statements took place, the Government cannot adequately address Petitioner's claims. See id. at 716.

Petitioner asserts that he "gave the government all the information they need." (Recon. Mot. at 3.)   Petitioner also states that the excerpts are nothing more than "examples" of how his rights were violated and "are not ambiguous in their meanings."  (Id.) Irrespective of the validity of these statements, the Court is not convinced that this is a justification for keeping the transcript sealed. It is not the Petitioner's role to decide what information the Government needs to best oppose Petitioner's Habeas Motion, nor does he decide whether they excerpts are

7

"ambiguous in their meanings." To oppose properly Petitioner's request the Government needs to understand the context in which the statements in the excerpts were made.[2] Simply stated, as long as Petitioner intends to rely on the sealed hearing transcript in support of his claims that his attorney was conflicted or provided ineffective assistance, the Government is entitled to the transcript.

Although not raised by Petitioner, the Court also wants to note that it was careful to limit the extent to which the Government may rely upon this transcript. See Bittaker, 331 F.3d at 720 ("[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it."). The Government has access to the sealed transcript in only a specific context and for a limited purpose: to oppose Petitioner's Habeas Motion. If Petitioner wishes to withdraw his claims which put his counsel's performance at issue, he is more than entitled to and the Court will reseal the transcript hearing. Id. ("[T]he holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition"). To date, however, Petitioner has showed no interest in withdrawing these claims. As long as that is the case, the Government is entitled to the sealed transcript upon which

---

[2] Indeed, in Opposition, the Government argues that other portions of the transcript help to contextualize Petitioner's claims and serve well to oppose Petitioner's Habeas Motion. (Recon. Opp'n at 8–11.)

Petitioner relies in his Habeas Motion. The Motion for Reconsideration is therefore **DENIED**.[3]

II.     Waiver Motion

Contemporaneous with its request to unseal the transcript as discussed supra, the Government also filed its Waiver Motion. The Waiver Motion specifically requests "an order finding that [Petitioner] has waived the attorney-client privilege as to any communications which he had with attorneys Victor Bakkee and Dean Hoe concerning the claims of conflict of interest and ineffective assistance of counsel asserted in his [Habeas Motion.]" (Waiver Mot. at 1.)

Petitioner opposed the Government's Waiver Motion.[4] Petitioner

---

[3] Petitioner and the Government argue, in part, the merits of the Petitioner's Habeas Motion in their Opposition and Response. (See, e.g., Recon. Opp'n at 7–10; Recon. Resp. at 8–12.) The Court need not resolve these issues now.

[4] The Court notes that Petitioner's Opposition was filed after the deadline set by this Court. Petitioner complains that he did not receive enough "time to do the legal research required to do this motion, much less put the motion together. This is due to the fact that petitioner was not allowed appointment of an attorney, and the fact that petitioner has a job, and his work schedule does not permit making it to the law library during normal business hours, when it is open." (Waiver Opp'n at 2.) The Court is not sympathetic to Petitioner. He is no longer incarcerated and is not entitled to extra time for briefing. As with everyone else pursuing a claim in this Court, it is his responsibility to ensure compliance with Court deadlines. The Court will overlook Petitioner's untimely filing in this instance, but Petitioner is warned that if in the future he fails to file briefing in a timely manner without good cause shown, the Court will not consider it. See Local Rule 7.4 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the

makes many of the same arguments in its Opposition to the Waiver Motion that it did in its Motion for Reconsideration.  For instance, Petitioner states "every issue brought up in petitioner's 2255 Habeas Corpus can be found by examination of the transcripts" and "[w]ithin these transcripts are multiple instances of breaches to petitioner's attorney-client privilege and right to confidentiality."  (Waiver Opp'n at 2–3.)  The crux of Petitioner's argument seems to be that the evidence he provides so blatantly demonstrates a conflict of interest and ineffective assistance that there is no reason to find a waiver of attorney-client privilege.  (Id. at 3–6.)  The Court is not persuaded.

Petitioner's argument is based on a misunderstanding of the law.  Petitioner is, of course, entitled to argue that his attorney was conflicted and ineffective.  The Government, however, is allowed to rebut these arguments and <u>is not limited</u> to relying Petitioner's evidence or bald assertions.  Further the alleged strength of Petitioner's evidence plays no role in determining whether there should be a finding of waiver.  Instead, as discussed <u>supra</u>, the inquiry focuses on whether

---

record.").  Finally, as explained in its earlier order, Petitioner is not entitled to an attorney for resolution of the instant Habeas Motion.  (<u>See</u> Doc. # 199.)  There is no general right to counsel in a Habeas proceeding and Petitioner did not make the requisite showing to demonstrate he is entitled to counsel.  The Court, as with all pro se litigants before it, strongly recommends Petitioner retain counsel to represent him in these proceedings.  A failure to do so, however, will not excuse Petitioner's failure to comply with briefing deadlines.

the Petitioner has asserted "a claim or defense that places at issue the nature of the privileged material." Bittaker, 331 F.3d at 716.

Per Strickland v. Washington, 466 U.S. 668 (1984), to determine whether a counsel provided effective assistance, a court considers whether the assistance was reasonable given the circumstances. Id. at 688. There is no particular set of detailed rules to apply to determine whether the assistance was reasonable. Id. A court's scrutiny of counsel's performance must be highly deferential to counsel. Id. at 689. "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quotations omitted); see also United States v. Austin, 817 F.2d 1352, 1354 (9th Cir. 1987) (finding a strong presumption that an attorney provided effective assistance); Michel v. Louisiana, 350 U.S. 91, 101 (1955) (defendant must overcome presumption of effectiveness, including the possibility that, under the circumstances, the challenged action might be considered sound trial strategy). Counsel's strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable. Strickland, 466 U.S. at 690.

In his Habeas Motion, Petitioner alleges seventeen grounds supporting his claim that his counsel was ineffective. (Doc. # 188-1, at 3–6.) Many of

Petitioner's allegations relate to what could potentially be strategic decisions. For instance, Petitioner argues his trial counsel was ineffective when he "withdrew the defense of 'self-defense' from consideration by the jury . . . ." (Id. at 4.) There could, of course, be myriad strategic reasons or other justifications for withdrawing this defense. The same could be said of any number of Petitioner's allegations. In order to rebut Petitioner's allegations that Petitioner's counsel provided ineffective assistance, the Government is entitled to discuss with Petitioner's counsel what rational, if any, motivated the decisions of which Petitioner now complains. Strickland requires no less.

In sum, to resolve the ineffective assistance of counsel claim, the Court must determine whether counsel's assistance was reasonable considering all of the circumstances. Strickland at 689. Accordingly, Petitioner has put the nature of his attorney-client relationship and its associated privileges at issue in these proceedings as contemplated by Bittaker.[5] See 331 F.3d at 716. The Court therefore finds that Petitioner has waived his attorney-client privilege and **GRANTS** the Waiver Motion. The Court cautions, however, that any information

---

[5] The same can be said with respect to Petitioner's claim that his counsel had a conflict of interest with Petitioner himself. There, Petitioner has squarely put the nature of the relationship between his counsel and himself at issue and the Court's inquiry will necessarily focus on the contours of that relationship to determine whether a conflict existed.

obtained from Petitioner's counsel can only be used for resolution of the Habeas Motion.

III.     Briefing Schedule

The Court recognizes that the Government has not heretofore had the opportunity to discuss Petitioner's claims with Petitioner's trial counsel. It is therefore impossible for the Government to file a response to the Habeas Motion by May 7, 2011 as this Court most recently ordered. Accordingly the Court hereby **AMENDS** the briefing schedule and grants the Government fifty (50) days from the filing of this Order to file its Response to the Habeas Motion.

## CONCLUSION

For the reasons set forth above, the Court: (1) **DENIES** Petitioner's Motion to Reconsider Granting of Government's Motion to Unseal a Sealed Document (Doc. # 198); (2) **GRANTS** the Government's Motion for Order Finding Limited Waiver of Attorney/Client Privilege (Doc. # 196); and (3) **SETS**

an Amended Briefing Schedule for the Motion to Vacate under 28 U.S.C. 2255 (Doc. # 188).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 6, 2011.

_____
David Alan Ezra
United States District Judge

Harrison v. United States, CV. NO. 11-00106 DAE-BMK; CR. NO. 07-00384 DAE; ORDER: (1) DENYING PETITIONER'S MOTION TO RECONSIDER GRANTING OF GOVERNMENT'S MOTION TO UNSEAL A SEALED DOCUMENT; (2) GRANTING THE GOVERNMENT'S MOTION FOR ORDER FINDING LIMITED WAIVER OF ATTORNEY/CLIENT PRIVILEGE; AND (3) SETTING AN AMENDED BRIEFING SCHEDULE